IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PEDRO J. OLIVER, and MYRNA E. OLIVER,

    Plaintiffs,

        v.

BANK OF AMERICA, N.A.,

    Defendant.

Civil No. 13-cv-4888 (RMB/KMW)

**OPINION**

**APPEARANCES:**

Pedro J. Oliver
Myrna E. Oliver
49 Oakton Drive
Atco, New Jersey 08004-2489
    <u>Pro</u> <u>Se</u> Plaintiffs

Jeffrey P. Catenacci
WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, New Jersey 07102
    Attorneys for Defendant

**BUMB,** United States District Judge:

    **I.   Introduction**:

    This matter comes before the Court upon a motion by Defendant Bank of America, N.A. and its predecessor, Countrywide Bank FSB (hereinafter "Defendant"), to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 5]. This Court previously granted this motion as

unopposed [Docket No. 7] but later permitted the Plaintiffs to file late opposition papers and have the Motion to Dismiss reinstated [Docket No. 11]. For the reasons set forth below, the Defendant's motion shall be granted.

## II. Background:

The Plaintiffs filed a Complaint in New Jersey Superior Court, Camden County, seeking to quiet title to real property located at 49 Oakton Drive, Atco, New Jersey ("the property"). That Complaint was timely removed to this Court by the Defendant on August 13, 2013. In the underlying Complaint, the Plaintiffs allege that the Defendant obtained an interest in the property via a "purported loan" which was "obtained by wrongful acts of fraud, fraudulent inducement, concealment and fraudulent misrepresentation." [Docket No. 1 at 16, ¶ 11].

The Plaintiffs aver that the Defendant never used "any of its own money to fund the promissory note instrument or the underlying purported loan," [id. at ¶ 18], and "arbitrarily and discretely stole [the] promissory note, claimed it as its own, and converted the same to a negotiable instrument. . . ." [Id. at ¶ 23]. Overall, because the Defendant is alleged to have procured signatures on the mortgage and promissory note on fraudulent grounds, the Plaintiffs contend that there is no lawful, binding contract between the parties. Id. at ¶ 25.

Based on these allegations, the Plaintiffs seek to quiet title to the property and request a "Non-Verification of Debt." In support of this request, Plaintiffs contend that the Defendant "cannot be a real party in interest authorized to enforce the security instrument pursuant to the Real Estate Settlement Procedures Act (RESPA)." Id. at ¶ 32.

**III. Standard**:

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Threadbare recitals of the elements

3

of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citing Chester Cty. Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).[1]

**IV. Analysis:**

<u>Plaintiffs' Fraud Claims</u>

In order to satisfy the heightened pleading standard expressed under Federal Rule of Civil Procedure Rule 9(b), Plaintiffs must plead with particularity the circumstances constituting a fraud. Fed. R. Civ. P. 9(b). This can be accomplished by pleading "the date, time, and place" of the

---

[1] Plaintiffs attached several exhibits to their Complaint, which this Court may properly consider pursuant to the instant motion to dismiss.

4

fraud or otherwise injecting "precision or some measure of substantiation into the allegations." Slimm v. Bank of Am. Corp., No. 12-5846, 2013 U.S. Dist. LEXIS 62849, at * 46-47 (D.N.J. May 2, 2013)(quoting Frederico v. Home Depot, 507 F. 3d 188, 200 (3d Cir. 2007)).  A plaintiff alleging fraud must state the circumstances of the fraud with sufficient particularity "to place the defendants on notice of the precise misconduct with which they are charged." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004).  In other words, the Rule "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999).  This standard applies to all of Plaintiffs' claims sounding in fraud – i.e., fraud, fraud in the inducement, and "fraudulent representation."

To allege fraud in New Jersey, a plaintiff must plead "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular No. Am. v. Gandi, 184 N.J. 161, 876 A.2d 253, 260 (N.J. 2005).  "Under New Jersey law, the elements required to establish a claim of common law fraud, fraudulent misrepresentation, and fraudulent inducement are

identical[.]" Prudential Ins. Co. of Am. v. Goldman, Sachs & Co., 2013 U.S. Dist. LEXIS 50788, at *22 (D.N.J. Apr. 9, 2013).

Defendant argues that the Plaintiffs have failed to plead all of their fraud-based claims with the particularly required by Rule 9(b). This Court agrees. The underlying Complaint is replete with legal conclusions unsupported by factual allegations. Moreover, this Court agrees with Defendant that the Plaintiffs' allegations lack the "the date, time, and place" of the fraud or other requisite "precision or some measure of substantiation" required to survive the instant motion. Slimm v. Bank of Am. Corp., No. 12-5846, 2013 U.S. Dist. LEXIS 62849, at * 46-47 (D.N.J. May 2, 2013)(quoting Frederico v. Home Depot, 507 F. 3d 188, 200 (3d Cir. 2007)). A review of the Complaint reveals that Plaintiffs have not provided specifics as to who made the alleged material misrepresentations other than the generic "Defendant," when such statements were purportedly made, or what those statements allegedly were. As such, the Defendant's motion to dismiss Plaintiff's fraud claims shall be granted.

Plaintiffs' "Non-Verification of Debt" Claim[2]

As Plaintiffs are appearing pro se, this Court will construe the "Non-Verification of Debt" as a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq. "RESPA is a federal consumer protection statute applicable to mortgage lenders. In part, RESPA. . . compels lenders to disclose to borrowers the fact that servicing on their loans may be transferred[,] and requires loan servicers to respond in a timely fashion to 'Qualified Written Requests' from borrowers seeking information regarding the status of home loans." Straker v. Deutsche Bank Nat'l Trust, No. 9-338, 2010 U.S. Dist. LEXIS 141047 (M.D. Pa. Sept. 22, 2010). Failure to plead actual damages in conjunction with a RESPA claim will result in its dismissal. See Mercado v. Bank of America, No. 12-1123, 2012 U.S. Dist. LEXIS 163395, at *17-18 (D.N.J. Nov. 15, 2012)(stating that failure to allege actual damages is a pleading defect).

Defendant argues that Plaintiffs have failed to state a claim under RESPA because they have not alleged that they suffered actual damages. This Court agrees. While the

---

[2] In their opposition papers, the Plaintiffs cite sections of the Truth in Lending Act, 125 U.S.C. § 1641 et seq. To the extent Plaintiffs seek to assert a cause of action on TILA grounds ("TILA"), such a cause of action is not asserted in their Complaint and, moreover, that action would likely be barred by the applicable one year statute of limitations. See 15 U.S.C. § 1640(e) (one-year statute of limitations for claims under TILA).

7

Plaintiffs have alleged that Defendant did not respond to their written requests, their Complaint "does not allege any specific damage suffered by Plaintiff[s] 'as the result of the alleged RESPA violations and [it does] not allege a causal link between the alleged violations and the alleged damages.'" Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 U.S. Dist. LEXIS 33284, at *28 (E.D. Pa. Apr. 23, 2008)(quoting Jones v. ABN AMRO Mortgage Group, Inc., 551 F. Supp. 2d 400 (E.D. Pa. Apr. 10, 2008)). Instead, Plaintiffs only request that this Court quiet title to their property and assert no causal link to their unanswered RESPA requests. As such, Plaintiffs' RESPA claim fails under 12(b)(6) scrutiny and shall be dismissed. See Mercado, 2012 U.S. Dist. LEXIS 163395, at *17-18 (dismissing a RESPA claim under similar circumstances).

**V. Leave to Amend:**

While the Defendant asks this Court to dismiss the above-captioned matter with prejudice, at this stage of the proceedings, and in consideration of Plaintiffs' pro se status, this Court will permit Plaintiffs to file for leave to amend their Complaint out of an abundance of caution. Cf. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007)(finding that "in ordinary civil litigation it is hardly error for a district court to enter final judgment

after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint" and noting that in "non-civil rights cases, the settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint.").

**VI. Conclusion:**

For the reasons discussed above, this Court will grant the Defendant's motion to dismiss. The Plaintiffs will have thirty (30) days to reopen this matter via the filing of a motion for leave to file an Amended Complaint. An accompanying Order will issue this date.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

Dated:     February 11, 2014