[Docket. No. 16]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PEDRO J. OLIVER, and MYRNA E. OLIVER,<br><br>    Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Civil No. 13-cv-4888 (RMB/KMW)<br><br>**OPINION** |

**APPEARANCES:**

Pedro J. Oliver
Myrna E. Oliver
49 Oakton Drive
Atco, New Jersey 08004-2489
    Pro Se Plaintiffs

Jeffrey P. Catenacci
WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, New Jersey 07102
    Attorneys for Defendant

**BUMB,** United States District Judge:

This matter comes before the Court upon a motion by Plaintiffs Myrna and Pedro Oliver (the "Plaintiffs") for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). (Dkt. Ent. 16.) Defendant Bank of America, N.A. ("BOA"), opposes this motion. For the reasons set forth below, Plaintiffs' motion shall be denied.

1

I.  **Background**

The Plaintiffs filed a Complaint in New Jersey Superior Court, Camden County, seeking to quiet title to real property located at 49 Oakton Drive, Atco, New Jersey ("the property"). That Complaint was timely removed to this Court by the Defendant on August 13, 2013.  In the underlying Complaint, the Plaintiffs allege that BOA obtained an interest in the property via a "purported loan" which was "obtained by wrongful acts of fraud, fraudulent inducement, concealment and fraudulent misrepresentation." (Dkt. Ent. 1 at 16, ¶ 11.) Plaintiffs sought to quiet title to the property and requested a "Non-Verification of Debt."  (Id. at ¶ 32.) BOA moved to dismiss the action, which this Court granted as unopposed on October 28, 2013. (Dkt. Ents. 5, 7.) Plaintiffs subsequently requested permission to oppose the motion to dismiss and the Court granted the request, reinstating the motion. (Dkt. Ents. 8, 11.) However, the Court subsequently granted BOA's motion and dismissed the matter for failure to state a claim. (Dkt. Ent. 14.) Plaintiffs now seek leave to file an amended complaint (the "AC"). (Dkt. Ent. 16.)

Plaintiffs' proposed AC seeks to quiet title to their property. On August 14, 2008, Plaintiffs borrowed $220,725 from Countrywide Bank, FSB ("Countrywide"), and signed a Note and Mortgage evidencing the loan. (AC ¶ 8 & Ex. B.) The mortgage was granted to Mortgage Electronic Registration Systems, Inc.

2

("MERS") as nominee for Countrywide and its successors and assignees. (Id. at Ex. B.) Plaintiffs claim that Defendants BOA and Government National Mortgage Association ("Ginnie Mae") are not entitled to payments from Plaintiffs (AC ¶ 17) because inter alia their mortgage was securitized causing the Note to be sold to investor Ginnie Mae while the Mortgage was retained by BOA. (Id. at ¶¶ 19-21.) Plaintiffs allege that because the Mortgage and Note are not held by the same party, BOA cannot lawfully collect payments on the Mortgage. (Id.) Plaintiffs further allege that because the Note was securitized, it was paid in full by the investors and therefore Plaintiffs owe no money on the Note. (Id. at ¶ 27.)

In addition, Plaintiffs attempt to forgo payments on their mortgage on grounds that BOA fraudulently engaged in robo-signing and failed to notify Plaintiffs that their mortgage had been assigned as required by the Mortgage documents. (Id. at ¶¶ 28, 33.)

## II. Standard

A motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave when justice so requires." Accordingly, a motion for leave to amend the pleadings "should [] only be denied where there is 'bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiencies by

3

amendments previously allowed or futility of amendment.'" Ferrante v. Amgen, Inc., No. 13-07344, 2014 WL 1092555, at *2 (D.N.J. Mar. 18, 2014) (quoting Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004)). An amendment is futile, and therefore grounds for denial of a motion for leave to amend, where "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); see also Great Western Mining & Mineral Co., 615 F.3d 159, 175 (3d Cir. 2010). "A court assessing 'futility' 'applies the same standard of legal sufficiency' employed in the Rule 12(b)(6) context." Ferrante, 2014 WL 1092555, at *2 (quoting id.).

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

4

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cty. Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).[1]

**III. Analysis**

---

[1] Plaintiffs attached several exhibits to their Complaint, which this Court may properly consider pursuant to the instant motion to dismiss. Similarly, the Court may consider the exhibits attached to BOA's opposition, which consist of the Mortgage, Note, and Assignment of Mortgage to BOA, and are largely duplicative of Plaintiffs' exhibits.

5

The pleading requirements for a quiet title action is established by the state's quiet title statute. English v. Fed. Nat'l Mortg. Ass'n, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013) (quoting Club Comanche, Inc. v. Gov't of the Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002)). New Jersey's quiet title statute provides:

> Any person in the peaceable possession of lands in this state and claiming ownership thereof, may, when his title thereto, or any part thereof, Is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof or interest therein, or to hold a lien or encumbrance thereon, and when no action is pending to enforce or test the validity of such title, claim or encumbrance, maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes concerning the same.

N.J.S.A. § 2A:62I; (see also AC ¶ 15). "The purpose of an action to quiet title is to put within the power of a person, who is in peaceable possession of realty as an owner, a means to compel any other person, who asserts a hostile right or claim, or who is reputed to hold such a right or claim, to come forward and either disclaim or show his right or claim, and submit it to judicial determination." English, 2013 WL 6188572, at *4 (quoting Schiano v. MBNA, No. 05-171, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013)). A quiet title action "was not intended to permit a person to create a title out of whole cloth or shortcut the rigorous requirements of adverse possession to acquire title." Jacobs v. Fannie Mae, C-16002-12, 2013 WL

6

3196933, at *2 (N.J. Super. App. Div. June 26, 2013) (quoting Powell v. Mayo, 24 N.J. Eq. 178 (Ch. Div. 1873)). Moreover, "it is a settled rule that in an action to quiet title the plaintiffs must rely upon the strength of their own title and not upon the weakness of that of the defendants." Dudley v. Meyers, 422 F.2d 1389, 1394-95 (3d Cir. 1970).

Plaintiffs do not adequately allege that any of the defendants' interests in the property is somehow wrongful. As BOA points out, Plaintiffs do not allege that they paid off the Note and extinguished the Mortgage lien.[2] Rather, they generally challenge the process by which the Mortgage and Note were transferred and assigned by and among BOA and Countrywide entities.

English v. Federal National Mortgage Association involved similar allegations to those asserted by Plaintiffs here and is therefore instructive. The plaintiff in English filed a quiet title action claiming that the chain of title was broken and the assignment of her mortgage was fraudulent in that it involved a robo-signer. Id. at *2. The Court determined that she failed to state a claim as she failed "to allege how any perceived irregularities in the assignments between third parties cloud

---

[2] Plaintiffs do allege that "the note is paid in full," but this is based upon their allegation that the Note was securitized and therefore paid in full by the investors in the securities. (AC ¶¶ 25, 27.) However, this reflects Plaintiffs' misunderstanding of the securitization process.

title in the mortgage itself." Id. at *3. It further held that because the plaintiff failed to allege that she was a party or intended third party beneficiary to the assignment of mortgage, she lacked standing to challenge the assignment. Id. at *4 ("In the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid." (citing Grullon v. Bank of Am., N.A., No. 10-5427, 2013 U.S. Dist. LEXIS 48394, at *31-35 (D.N.J. Mar. 28, 2013); Schiano, 2013 WL 2452681, at *25-26; In re Walker, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012)). Plaintiffs' complaint suffers from similar deficiencies and must therefore be dismissed. See also Glenn v. Hayman, No. 07-112, 2007 WL 894213, at *10 n.15 (D.N.J. Mar. 21, 2007) ("Plaintiffs, non-parties to Defendants' contracts, have no standing to sue for this alleged non-performance."). (See Opp., Dkt. Ent. 17, at 5-6 (citing cases).)[3]

## IV. Conclusion

For the reasons discussed above, Plaintiffs' proposed AC still fails to state a claim and thus the proposed amendment is futile. Accordingly, the Court will deny Plaintiffs' motion for

---

[3] Plaintiffs also contend that Ginnie Mae claims to be the holder in due course of Plaintiffs' Mortgage and Note, which, according to Plaintiffs, BOA contests. However, this argument appears to be contradicted by the documents attached to Plaintiffs' AC, which suggest that Ginnie Mae is at most an investor in the securitization backed by mortgage loans including Plaintiffs. (See AC Ex. D.) In fact, BOA contends that the current investor in Plaintiffs' loan is BANA Gov't 1st Liens CGI HFI. (Declaration of Jeffrey P. Catenacci, Dkt. Ent. 17-1 ¶ 3.)

8

leave to amend the complaint and dismiss the matter. An accompanying Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated:     April 14, 2014